UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,　　　　　　　　　　　　　　CASE NO. 09-CV-61868-COHN SELTZER

v.

GINA P. SOLOW,
JAMIE L. SOLOW,
JSOLOW CONDO ONE, INC.
VIRTUALBANK, F.S.B
  n/k/a LYDIAN PRIVATE BANK, S.A.,
WASHINGTON MUTUAL BANK, F.A
  n/k/a JP MORGAN CHASE BANK, N.A., and,
FEDERATION ADVANCES CORP. LLC,
_____/

**DEFENDANT VIRTUALBANK, F.S.B. n/k/a LYDIAN PRIVATE BANK, S.A.'S
ANSWER TO COMPLAINT FOR FRAUDULENT TRANSFER AND
FORECLOSURE OF EQUITABLE LIENS**

COMES NOW, Defendant, VirtualBank, F.S.B n/k/a Lydian Private Bank, S.A. ("Lydian"), by and through its undersigned counsel, and states its answer to the Complaint ("Complaint") filed by the Securities and Exchange Commission ("Plaintiff"), and states as follows:

## ANSWER

### SUMMARY

1. Lydian is without knowledge regarding the allegations contained in paragraph 1 of the Complaint.

2. Lydian is without knowledge regarding the allegations contained in paragraph 2 of the Complaint.

3. Lydian is without knowledge regarding the allegations contained in paragraph 3 of the Complaint.

4. Lydian is without knowledge regarding the allegations contained in paragraph 4 of the Complaint.

5. Lydian is without knowledge regarding the allegations contained in paragraph 5 of the Complaint.

6. Lydian is without knowledge regarding the allegations contained in paragraph 6 of the Complaint.

7. Lydian is without knowledge regarding the allegations contained in paragraph 7 of the Complaint.

8. Lydian is without knowledge regarding the allegations contained in paragraph 8 of the Complaint.

9. Lydian is without knowledge regarding the allegations contained in paragraph 9 of the Complaint.

## PARTIES, JURISDICTION AND VENUE

10. Lydian is without knowledge regarding the allegations contained in paragraph 10 of the Complaint.

11. Lydian is without knowledge regarding the allegations contained in paragraph 11 of the Complaint.

12. Lydian is without knowledge regarding the allegations contained in paragraph 12 of the Complaint.

13. Lydian is without knowledge regarding the allegations contained in paragraph 13 of the Complaint.

14. Lydian admits the allegations contained in paragraph 14 of the Complaint.

15. Lydian is without knowledge regarding the allegations contained in paragraph 15 of the Complaint.

16. Lydian is without knowledge regarding the allegations contained in paragraph 16 of the Complaint.

## FACTS

### Mr. Solow Engaged in Wrongful Conduct at Archer Alexander in 2003 and the Claims Arising From Such Conduct Were Asserted in Arbitration Beginning in 2004

17. Lydian is without knowledge regarding the allegations contained in paragraph 17 of the Complaint.

18. Lydian is without knowledge regarding the allegations contained in paragraph 18 of the Complaint.

19. Lydian is without knowledge regarding the allegations contained in paragraph 19 of the Complaint.

### Mr. Solow's Transfer to Mrs. Solow of 100% Ownership Interest in the Corporation Holding Title to the Condominium Where the Solows Currently Reside

20. Lydian is without knowledge regarding the allegations contained in paragraph 20 of the Complaint.

21. Lydian is without knowledge regarding the allegations contained in paragraph 21 of the Complaint.

22. Lydian is without knowledge regarding the allegations contained in paragraph 22 of the Complaint.

23. Lydian is without knowledge regarding the allegations contained in paragraph 23 of the Complaint.

24. Lydian is without knowledge regarding the allegations contained in paragraph 24 of the Complaint.

25. Lydian is without knowledge regarding the allegations contained in paragraph 25 of the Complaint.

### Samco Investor Claims Filed Against Mr. Solow in 2006

26. Lydian is without knowledge regarding the allegations contained in paragraph 26 of the Complaint.

27. Lydian is without knowledge regarding the allegations contained in paragraph 27 of the Complaint.

28. Lydian is without knowledge regarding the allegations contained in paragraph 28 of the Complaint.

29. Lydian is without knowledge regarding the allegations contained in paragraph 29 of the Complaint.

30. Lydian is without knowledge regarding the allegations contained in paragraph 30 of the Complaint.

31. Lydian is without knowledge regarding the allegations contained in paragraph 31 of the Complaint.

32. Lydian is without knowledge regarding the allegations contained in paragraph 32 of the Complaint.

33. Lydian is without knowledge regarding the allegations contained in paragraph 33 of the Complaint.

### After Initiation of the Samco Arbitration Proceedings Mr. Solow Transferred Two Utah Parcels of Real Estate to His Wife

#### Thaynes Canyon Property

34. Lydian is without knowledge regarding the allegations contained in paragraph 34 of the Complaint.

35. Lydian is without knowledge regarding the allegations contained in paragraph 35 of the Complaint.

36. Lydian is without knowledge regarding the allegations contained in paragraph 36 of the Complaint.

37. Lydian is without knowledge regarding the allegations contained in paragraph 37 of the Complaint.

### White Pine Canyon Property

38. Lydian is without knowledge regarding the allegations contained in paragraph 38 of the Complaint.

39. Lydian is without knowledge regarding the allegations contained in paragraph 39 of the Complaint.

40. Lydian is without knowledge regarding the allegations contained in paragraph 40 of the Complaint.

41. Lydian is without knowledge regarding the allegations contained in paragraph 41 of the Complaint.

42. Lydian is without knowledge regarding the allegations contained in paragraph 42 of the Complaint.

43. Lydian is without knowledge regarding the allegations contained in paragraph 43 of the Complaint.

### The SEC Litigation Against Mr. Solow

44. Lydian is without knowledge regarding the allegations contained in paragraph 44 of the Complaint.

45. Lydian is without knowledge regarding the allegations contained in paragraph 45 of the Complaint.

46. Lydian is without knowledge regarding the allegations contained in paragraph 46 of the Complaint.

47. Lydian is without knowledge regarding the allegations contained in paragraph 47 of the Complaint.

48. Lydian is without knowledge regarding the allegations contained in paragraph 48 of the Complaint.

49. Lydian is without knowledge regarding the allegations contained in paragraph 49 of the Complaint.

50. Lydian is without knowledge regarding the allegations contained in paragraph 50 of the Complaint.

51. Lydian is without knowledge regarding the allegations contained in paragraph 51 of the Complaint.

### The Ill-Gotten Funds the Court Required Mr. Solow to Pay Equals the Commissions He was Paid for His Fraudulent Trades at Archer During 2003 Plus Prejudgment Interest

52. Lydian is without knowledge regarding the allegations contained in paragraph 52 of the Complaint.

53. Lydian is without knowledge regarding the allegations contained in paragraph 53 of the Complaint.

54. Lydian is without knowledge regarding the allegations contained in paragraph 54 of the Complaint.

{00019340.DOC}

55. Lydian is without knowledge regarding the allegations contained in paragraph 55 of the Complaint.

### In the Weeks Before and After the Trial in this Case, the Solows Liquidated Securities Accounts Totaling $1,266,856 and Transferred $777,000 from their Joint Checking Account to Accounts Titled in Mrs. Solow's Name and Then to Swiss Accounts and Trust Accounts

56. Lydian is without knowledge regarding the allegations contained in paragraph 56 of the Complaint.

57. Lydian is without knowledge regarding the allegations contained in paragraph 57 of the Complaint.

58. Lydian is without knowledge regarding the allegations contained in paragraph 58 of the Complaint.

59. Lydian is without knowledge regarding the allegations contained in paragraph 59 of the Complaint.

60. Lydian is without knowledge regarding the allegations contained in paragraph 60 of the Complaint.

61. Lydian is without knowledge regarding the allegations contained in paragraph 61 of the Complaint.

62. Lydian is without knowledge regarding the allegations contained in paragraph 62 of the Complaint.

### The Funds at Issue in the SEC's Disgorgement Counts Upon Which Mr. Solow Was Found Liable are Traceable to the Hillsboro Mile Property and the Galt Ocean Condo

63. Lydian is without knowledge regarding the allegations contained in paragraph 63 of the Complaint.

64. Lydian is without knowledge regarding the allegations contained in paragraph 64 of the Complaint.

65. Lydian is without knowledge regarding the allegations contained in paragraph 65 of the Complaint.

66. Lydian is without knowledge regarding the allegations contained in paragraph 66 of the Complaint.

67. Lydian is without knowledge regarding the allegations contained in paragraph 67 of the Complaint.

## COUNT I
## 28 U.S.C §3304(b)(1)(A)
### Transfers With Intent to Hinder, Delay or Defraud a Creditor
### (Thaynes Canyon Property)

68. Lydian repeats and realleges its answer to paragraphs 1 through 67 as if fully set forth herein.

69. Lydian is without knowledge regarding the allegations contained in paragraph 69 of the Complaint.

70. Lydian is without knowledge regarding the allegations contained in paragraph 70 of the Complaint.

## COUNT II
## 28 U.S.C §3304(b)(1)(A)
### Transfers With Intent to Hinder, Delay or Defraud a Creditor
### (The White Pine Canyon Property)

71. Lydian repeats and realleges its answer to paragraphs 1 through 67 as if fully set forth herein.

72. Lydian is without knowledge regarding the allegations contained in paragraph 72 of the Complaint.

{00019340.DOC}

73. Lydian is without knowledge regarding the allegations contained in paragraph 73 of the Complaint.

## COUNT III
## 28 U.S.C §3304(b)(1)(A)
## Transfers With Intent to Hinder, Delay or Defraud a Creditor
### (The Cash and Securities)

74. Lydian repeats and realleges its answer to paragraphs 1 through 67 as if fully set forth herein.

75. Lydian is without knowledge regarding the allegations contained in paragraph 75 of the Complaint.

76. Lydian is without knowledge regarding the allegations contained in paragraph 76 of the Complaint.

## COUNT IV
## 28 U.S.C §3304(b)(1)(B)(ii)
## Transfers for Less than Equivalent Value
## With Awareness of Impending Inability to Pay Debts
### (The Thaynes Canyon Property)

77. Lydian repeats and realleges its answer to paragraphs 1 through 67 as if fully set forth herein.

78. Lydian is without knowledge regarding the allegations contained in paragraph 78 of the Complaint.

## COUNT V
## 28 U.S.C §3304(b)(1)(B)(ii)
## Transfers for Less than Equivalent Value
## With Awareness of Impending Inability to Pay Debts
### (The White Pine Canyon Property)

79. Lydian repeats and realleges its answer to paragraphs 1 through 67 as if fully set forth herein.

80. Lydian is without knowledge regarding the allegations contained in paragraph 80 of the Complaint.

## COUNT VI
## 28 U.S.C §3304(b)(1)(B)(ii)
## Transfers for Less than Equivalent Value
## With Awareness of Impending Inability to Pay Debts
## (The Cash and Securities)

81. Lydian repeats and realleges its answer to paragraphs 1 through 67 as if fully set forth herein.

82. Lydian is without knowledge regarding the allegations contained in paragraph 82 of the Complaint.

## COUNT VII
## Fla. Stat. § 726.105(1)(a)
## Transfers With Intent to Hinder, Delay or Defraud a Creditor
## (The Cash and Securities)

83. Lydian repeats and realleges its answer to paragraphs 1 through 67 as if fully set forth herein.

84. Lydian is without knowledge regarding the allegations contained in paragraph 84 of the Complaint.

85. Lydian is without knowledge regarding the allegations contained in paragraph 85 of the Complaint.

## COUNT VIII
## Fla. Stat. § 726.105(1)(a)

**Transfers With Intent to Hinder, Delay or Defraud a Creditor**
**(The JSolow Condo One, Inc. Stock)**

86. Lydian repeats and realleges its answer to paragraphs 1 through 67 as if fully set forth herein.

87. Lydian is without knowledge regarding the allegations contained in paragraph 87 of the Complaint.

88. Lydian is without knowledge regarding the allegations contained in paragraph 88 of the Complaint.

**COUNT IX**
**Fla. Stat. § 726.105(1)(b)(2)**
**Transfers for Less than Equivalent Value**
**With Awareness of Impending Inability to Pay Debts**
**(The Cash and Securities)**

89. Lydian repeats and realleges its answer to paragraphs 1 through 67 as if fully set forth herein.

90. Lydian is without knowledge regarding the allegations contained in paragraph 90 of the Complaint.

**COUNT X**
**Fla. Stat. § 726.105(1)(b)(2)**
**Transfers for Less than Equivalent Value**
**With Awareness of Impending Inability to Pay Debts**
**(The JSolow Condo One, Inc. Stock)**

91. Lydian repeats and realleges its answer to paragraphs 1 through 67 as if fully set forth herein.

92. Lydian is without knowledge regarding the allegations contained in paragraph 92 of the Complaint.

## COUNT XI
## Equitable Lien Foreclosure
## (The Galt Ocean Drive Condominium)

93. Lydian repeats and realleges its answer to paragraphs 1 through 67 as if fully set forth herein.

94. Lydian is without knowledge regarding the allegations contained in paragraph 94 of the Complaint.

95. Lydian is without knowledge regarding the allegations contained in paragraph 95 of the Complaint.

## COUNT XII
## Equitable Lien Foreclosure
## (The Hillsboro Mile Property)

96. Lydian repeats and realleges its answer to paragraphs 1 through 67 as if fully set forth herein.

97. Lydian is without knowledge regarding the allegations contained in paragraph 97 of the Complaint.

98. Lydian is without knowledge regarding the allegations contained in paragraph 98 of the Complaint.

WHEREFORE, Defendant, VirtualBank, F.S.B n/k/a Lydian Private Bank, S.A., requests that the Court fully deny the relief requested by Plaintiff Securities Exchange Commission, and such other relief as the Court deems just and proper.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent via telecopy and U.S. Mail to John G. Silbermann, Esq. and Marsha C. Massey, Esq., 100 F Street, NE, Washington, DC 20549, this 22 day of January, 2010.

                                                MATWICZYK & BROWN, LLP
Attorneys for Defendant, VirtualBank, F.S.B
n/k/a Lydian Private Bank, S.A.
625 North Flagler Drive, Suite 401
West Palm Beach, FL 33401
Telephone: (561) 651-4004
Fax: (561) 651-4003
Email: bbrown@matbrolaw.com

_____
Benjamin P. Brown, Esq.
Florida Bar No. 841552

{00019340.DOC}